UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

GAINSVILLE DIVISION


UNITED STATES OF AMERICA,

CASE No. 1:17-cr-00014-MW-GRJ-1

VS.


KEITH JELKS,

Defendant.

_____/


## MOTION PURSUANT TO TITLE 18 U.S.C.
## § 3582(c)(1)(A) FIRST STEP ACT §§ 401, 603


COMES NOW, Petitioner, KEITH L. JELKS, "Mr. Jelks". Mr. Jelks prays that this Court construe this Motion liberally. **Haines v. Kerner**, 404 U.S. 519 (1972). Mr. Jelks brings this petition based on the implementation of the new changes to the 18 U.S.C. § 3582(c)(1)(A). Mr. Jelks filed to the Warden of the institution requesting that the Warden release him on Home Confinement due to the COVID-19 pandemic, and or change his unjust 21 U.S.C. § 851 drug sentence in which he was given a 240 month sentence. The sentence Mr. Jelks would be eligible for now would be a 10 year sentence (under current law).

The First Step Act, "FSA", authorized district court Judges

to correct or modify an unjust sentence, upon motion of the Director of the Bureau of Prisons on the defendant's behalf or the defendant may bring a motion after the lapse of 30 days from the receipt of such request to the Warden of defendant's facility, whichever is earlier. Here at the Federal Correctional Complex, Coleman-Medium "COM", the Warden refuses to address requests for extraordinary and compelling reasons based on the Program Statement that governs 18 U.S.C. § 3582(c)(1)(A). The Warden instructs such requests to be made directly to the district court. However, it places defendant's such as Mr. Jelks and the multitude of petitioners in a legal catch 22, because how can a petitioner request for relief when the administrative remedy proceeding is the vital part of the request?

Therefore, Mr. Jelks brings this request to the Court to challenge the unjust sentence, and, also, because Mr. Jelks has made the request more than 30 days ago. Therefore, Mr. Jelks brings this request to the Court based on the time that has elapsed (Mr. Jelks is still going to exhaust the Administrative Remedy Process). Mr. Jelks prays that this Court resentence him based on the new implementation of the 18 U.S.C. § 3582(c)(1)(A) and the FSA, Sections 401 and 603, definition of a serious drug offense, also the "CARES Act" H.R. 748 § 12003(b)(2).

## STATEMENT

Mr. Jelks has been convicted based on a 21 U.S.C. § 851

2

conviction that was possible because of a Fla. Stat. §
893.13(6)(a), possession of a controlled substance conviction
that, based on today's standards does not apply. The FSA, § 401,
reduce and restrict enhanced sentencing for prior drug felonies.

   (A) Controlled Substance Act Amendment
       The Controlled Substance Act[1]

   (1) In Section 102 (21 U.S.C. 802) by adding at the end the
       following:

   "(57) The term "serious drug felony" means an
    offence described in § 924(e)(2) of Title 18
    United States Code, for which
       (A) The offender served a term of
       imprisonment of more than 12 months; and
       (B) The offender's release from any
       term of imprisonment was within 15 years
       of the commencement of the instant
       offence.

   This Petition is based on the FSA, § § 401, 603; and the CARES
Act. Mr. Jelks is aware of the fact that he served only 4 months
in jail for his prior drug conviction. However, with the new
changes in law and the Court having the discretion to sentence
defendants based on 18 U.S.C. § 3582(c)(1)(A)(i), Mr. Jelks brings
the claim in this petition to request a reduction in sentence due

---

[1] Mr. Jelks drug conviction definition comes from 21 U.S.C. § 801 and 21 U.S.C.
§ 802. This change in Law is an injustice to Mr. Jelks.

3

to these changes in law.

### DISCUSSION

18 U.S.C. § 3582(c)(1)(A)(i)

Modification of an imposed term of imprisonment.

This Court may not modify a term of imprisonment once it has been imposed except that;

(1) In any Case --

> (A) The Court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to brings a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factor set forth in 3553(a) to the extent that they are applicable, if it finds that;
>
> > (i) extraordinary and compelling reasons warrant such a reduction.

Mr. Jelks prior conviction of possession is not a serious drug offense, based on the FSA change to the statutory interpretation of serious drug offenses. For instance, § 401 of the FSA is

4

applicable because Mr. Jelks never served a year for his conviction, nor have any of his convictions involved any death.

Title 21 U.S.C. § 802 has been amended, and due to that amended change, it puts Mr. Jelks and thousands of other defendants in a situation such as Mr. Jelks, in a position where they are faced with an unjust sentence. The unjust sentence can be corrected because the FSA gives courts jurisdiction to correct a sentence that is not only unjust, but apply the appropriate guidelines and consider the 3553(a) factors.

Here Mr. Jelks would be entitled to a guideline sentence of 120 months (low end of the 120-150 box) for the 2 counts of which he was convicted; Count (1) 10 years; Count (2) 10 years would be concurrent. Moreover, based largely in part to the Coronavirus pandemic. With Mr. Jelks medical condition of Tyoe II Diabetes that would render him virtually defenceless if he were to become infected with COVID-19. Mr. Jelks sentence did not include incurring a great and unforeseen risk of severe illness or death brought on by a global pandemic. Mr. Jelks prays this Court accept this Motion, grant this Motion to time served with the remainder to be served on supervised release with his wife, child and brother-in-law in Gainesville, Florida.

## ARGUMENT

Mr. Jelks was convicted in 2017, then filed a direct appeal that was denied. Mr. Jelks then submitted a pro se letter (ECF

5

No. 87) for compassionate release or home confinement that was "DENIED without prejudice."

The President signed into law the First Step Act of 2018, PL 115-391, Dec. 21, 2018, 132 Stat. 5194, 5239, in a section entitled "Increasing the Use and Transparency of Compassionate Release." The FSA amended 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce a term of imprisonment "upon motion of the Director of the BOP, or upon motion of the defendant, after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier," Id,; 18 U.S.C. § 3582(c)(1)(A).

Mr. Jelks filed the initial request, however, the Warden stated to "raise those concerns directly with their sentencing court." Mr. Jelks sentence is no longer applicable due to the amended changes to the guidelines. The sentence Mr. Jelks received for his 21 U.S.C. § 851 conviction is no longer applicable. The FSA amended the Controlled Substance Act and changed the term "serious drug offense" and inserted (57) that states:

> The term Serious Drug Felony means an offense described in Section 924(e)(2) of Title 18 United States Code for which;
>
> > (a) The offender served a term of imprisonment of more than 12 months;

6

> (b) the offender's release from
> any term of imprisonment was within
> 15 years of the commencement of the
> instant offence.

This request is based on the definition of the term "Serious
Drug Felony" and the time served on that offense in Part (2) in
Section 401(b)(1) (21 U.S.C. § 841(b)(1);

> (A) In subparagraph (a), in the matter following
> clause (viii)

> > (i) by striking "if any person commits
> > such a violation after a prior conviction
> > for  a felony drug offense has become
> > final, such person shall be sentenced to
> > a term of imprisonment which may  not be
> > less than 20 years" and inserting the following:

> > > "If any person commits such a violation
> > > after  a prior  conviction  for a serious
> > > drug felony or serious violent felony has
> > > become final, such person shall be sentenced
> > > to a term of imprisonment of not less than
> > > 15 years,"[2] and;

> > (ii) by striking "after two or more prior
> > convictions for a felony drug offense have
> > become final, such person shall be sentenced
> > to a mandatory term of Life Imprisonment
> > without release" and inserteing the following:

> > > "after 2 or more prior convictions for a

---

[2] This Motion is based on a Possession offense that can no longer be used to
support a 21 U.S.C. § 851 sentence.

7

> serious drug felony or serious violent
> felony have become final, such person
> shall be sentenced to a term of im-
> prisonment of not less than 25 years."

Mr. Jelks files this request based (in part) on his
eligibility to the new interpretation to the 21 U.S.C. §
841(b)(1)(A), definition of a "Serious Drug Felony." Mr. Jelks
was convicted of Possession of a controlled substance in violation
of Fla. Stat. § 893.13(6)(a) and served 4 months in jail. Mr.
Jelks prays this Court take those factors into consideration when
deciding to grant relief.

## EXTRAORDINARY AND COMPELLING REASONS

The First Step Act was signed into law December 21, 2018. See
Pub. L. No. 115-391 § 603. Before the FSA was signed into law,
18 U.S.C. § 3582(c)(1)(A) was only used for compassionate release,
based on rare and extraordinary circumstances. Since the enactment
of the FSA, it changed the terms in which a defendant could seek
relief based on"extraordinary and compelling reasons." The FSA
amended 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to
reduce a term of imprisonment "upon motion of the Director of the
Bureau of Prisons, of upon motion of the defendant, after
defendant exercised his right to file and exhaust his/her
administrative rights to appeal. Before reducing a defendant's
term of imprisonment, a sentencing court must do three things:

1) Find that "extraordinary and compelling
   reasons warrant such a reduction"

2) Find that the reduction "is consistent
   with applicable policy statements issued
   by the Sentencing Commission," and

3) Consider the statutory sentencing factors
   set forth in 18 U.S.C. § 3553(a).

    Here, Mr. Jelks meets the requirements; Mr. Jelks sentence
is now illegal and violates the standard of what the FSA was
created to prevent. The applicable policy statements today warrant
a reduction in sentence. For instance, the 240 month sentence that
was imposed is no longer applicable. The FSA amended Section 401
which changed the definition for a "serious drug felony" which
states;

        (A) Controlled Substances Act Amendments -- The
        Controlled Substances Act (21 U.S.C. § 801 et seq)
        is amended;

            (1) In Section102 (21 U.S.C. § 802) by
            adding at the end the following:

                (57) The term "serious drug felony"
                means an offense described in Section
                924(e)(2) of Title 18 United States
                Code, for which (A) the offender served
                a term of imprisonment of more than 12
                months;

    Mr. Jelks never served more than 12 months for the prior used.
The new policy statements also changed the time in which Mr.

                                9

Jelks is to serve for his 21 U.S.C. § 841 convictions. The maximum time Mr. Jelks could serve is a guidelines sentence of 120-150 months, and not the 240 months Mr. Jelks is now serving.

The FSA changed the penalty for a violation of 21 U.S.C. § 841(b)(1) wherefore Mr. Jelks mandatory minimum sentence of 240 months is no longer applicable based on today's policy statements. The time that Mr. Jelks is serving based on the FSA changes no longer apply.

Mr. Jelks prays that this Court takes into consideration the above factors. the District Court has jurisdiction to grant relief. See **United States v. Urkevich**, 08:03-cr-37 (granted Nov. 2019), 924(c) conviction vacated; **United States v. Cantu-Rivera**, CR. No. H-89-204, sentence vacated in light of FSA; **United States v. Bellamy, Jr.,** Civil No. 15-165 (8)JrT/lib (granted 8-25-19); **United States v. Conrado Cantu**, 1:05-cr-458-1, June 17, 2019 (granted), collecting cases, the cases cited represent the fact that this Court has jurisdiction to grant relief.

Mr. Jelks is a son, a father of 7, and a husband who is also in fear of losing his life during the COVID-19 Coronavirus pandemic due to his medical condition should he become infected with COVID-19. Mr. Jelks is not perfect, however, he prays that this Court takes into consideration his unique situation.

## CONCLUSION

Mr. Jelks prays that this Court grant this Motion, resentence

Mr. Jelks according to the current policy statements set out after enactment of The First Step Act, use the new interpretation of 18 U.S.C. § 3582(c)(1)(A)(i) and order Mr. Jelks immediate release.

Dated: 6-26-2020

Respectfully Submitted,

Keith L. Jelks
Reg.# 25703-017, COM B07-067
FCI Coleman-Medium
P.O. Box 1032
Coleman, Fl. 33521-1032

## CERTIFICATE OF SERVICE
### "Forwarding Request"

Dear Clerk of Court,

Due to the COVID-19 pandemic, here at Coleman-Medium, photocopier access is restrictive and copy count limited to one. Therefore, I must ask of you to please forward a copy to the Court and to the A.U.S.A.

Thank you for your time and assistance.

Respectfully Submitted,

Keith L. Jelks
Reg.# 25703-017, COM B07-067
FCI Coleman- Medium
P.O. Box 1032
Coleman, Fl 33521-1032

Dated: 6-26-2020

11

Keith Telks 25703-017
Federal Correctional Complex
PO Box 1032
Coleman, Florida 33521






**CERTIFIED MAIL**

7018 0040 0000 6220 8266

CHECKED JUL 0 1 2020

U.S. District Court
  Northern District of Florida
    Office of The Clerk
    401 S.E. 1st Avenue, Suite 243
    Gainesville, FL 32601-6805

