# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 11, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 20-14085-DD
Case Style: USA v. Keith Jelks
District Court Docket No: 1:17-cr-00014-MW-GRJ-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Bradly Wallace

<u>Holland, DD</u> at <u>404-335-6181</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14085
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-00014-MW-GRJ-1

UNITED STATES OF AMERICA,

                                                       Plaintiff-Appellee,

versus

KEITH JELKS,

                                                       Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 11, 2021)

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

In 2018, Keith Jelks was sentenced to 240 months' imprisonment for heroin-related offenses under 21 U.S.C. §§ 841 and 846. In June 2020, he moved to reduce his sentence under 18 U.S.C. § 3852(c)(1)(A). The district court denied his motion, and finding no reversible error, we affirm.

I.

In June 2017, Keith Jelks was indicted for conspiring to possess with intent to distribute 1 kilogram or more of heroin, and for possessing with intent to distribute heroin in violation of 21 U.S.C. §§ 841 and 846. Jelks pleaded guilty to both counts pursuant to a written plea agreement, and the district court accepted that plea agreement on October 27. Under the Guidelines Manual, he was found to have a total offense level of 27 and a criminal history score of 11 for a criminal history category V. And the presentence investigation report indicated that, under 21 U.S.C. § 851, the statutory range for Count 1 was 20 years to life, and the statutory maximum for Count II was 30 years. And because the guideline range turned out to be 120 to 150 months, the guideline term of imprisonment was 240 months—the statutory minimum.

The sentencing hearing took place on August 27, 2018. While the district court said that, even if it had discretion, "a lengthy sentence would be called for in this case," the court observed that it was "required by law to impose that 20-year mandatory minimum" and did so. The district court went on to find that "[t]his sentence satisfies the statutorily required minimum term as to Count One and addresses the seriousness of the offense and the characteristics of this defendant."

In particular, it found "this sentence is sufficient but not greater than necessary to comply with the statutorily defined purposes of sentencing," and that it "fully considered all the factors set out in 18 U.S.C. Section 3553(a) including the applicable guidelines and policy statements issued by the Sentencing Commission."

What followed were multiple letters from Jelks which were liberally construed as motions. First up, in January 2019 he wrote a letter seeking to file a motion to supplement under the First Step Act. The district court construed that letter as a motion for a sentencing reduction under the First Step Act, and denied that motion. In May of that year, Jelk's convictions and sentences were affirmed by a panel of this Court.

May 2020 rolled by, and with it another letter from Jelks. This one was to the magistrate judge, and in it he raised various arguments for why he should be released on home detention. One argument was that, according to today's law, he could not be given the 21 U.S.C. § 851 enhancement. Another was that, because of his underlying health conditions, he was at higher risk of COVID-19. That letter was liberally construed as a motion for compassionate release or home confinement, and denied for failure to exhaust administrative remedies.

So in June, Jelks filed a motion for a sentence reduction under 18 U.S.C. § 3852(c)(1)(A), and in it he argued that there were "extraordinary and compelling reasons" to grant such a reduction under that section. He argued that he would no longer be subject to a 240-month sentence under current law. He also asserted "fear of losing his life during the COVID-19" pandemic. And within a month,

3

Jelks sent a handwritten letter to the magistrate judge, asking again for home detention on account of COVID-19.

The district court denied Jelks's motion after considering it and the government's responses to the same. The court found that Jelks "has not met his burden to show he is eligible for compassionate release." And even if he were eligible, the court stated it "would not exercise its discretion to reduce Defendant's sentence considering all the factors under 18 U.S.C. § 3553(a)."

This is Jelks's appeal.[1]

## II.

We review for abuse of discretion a district court's decision to deny a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion if "it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004)).

## III.

18 U.S.C. § 3582(c)(1)(A) provides that the district court may reduce a defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable," if it finds that certain conditions are

---

[1] Jelks did not timely file a reply brief, though he does have a pending motion with this Court seeking an extension of the deadline to file. His reason for being unable to file a reply brief within the 21-day window is that he was prevented by "institutional issues not under his control." We grant that motion, but the arguments contained in it do not affect the outcome of the case.

met. As relevant to Jelks, those conditions are that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." So Jelks argues that he meets those two criteria and that the § 3553(a) factors weigh in his favor, and that the district court erred when it found that he did not show that he was eligible for relief.

We need not consider whether Jelks was eligible under § 3582(c)(1)(A), because a sentence reduction under that subsection is discretionary. The district court made it clear that, "[e]ven if [Jelks] were eligible," it "would not exercise its discretion to reduce" his sentence. And it declined to exercise discretion "considering all the factors under" § 3553(a). Jelks's initial brief does not dispute that the district court considered those factors, and does not argue that the district court weighed them wrongly. *McGinnis v. Ingram Equipment Co.*, 918 F.2d 1491, 1496 (11th Cir. 1990) ("A party normally waives its right to argue issues not raised in its initial brief."). And in any event, the government amply briefed the application of the § 3553(a) factors before the district court, and the district court explicitly stated that it had "considered" those filings.

In short, the statute under which Jelks seeks relief says that the court "*may* reduce the term of imprisonment" after "considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The district court did the latter, and it simply declined to do the former. We see no abuse of discretion.

## IV.

The district court's judgment is **AFFIRMED**.[2]

---

[2] The district court expressed doubt as to whether Jelks wanted to appeal the district court's order denying his motion for a reduced sentence, or whether he had wanted to appeal the order denying his motion for reconsideration of that denial. Either way, for the foregoing reasons, the district court's judgment is due to be affirmed.