UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:    1:17cr14/MW/GRJ
                                               1:19cv321/MW/GRJ

KEITH JELKS

---

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."   ECF No. 83.   The Government filed a response, ECF No. 85, and Petitioner has filed a reply.   ECF No. 86.   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).   After a review of the record and the arguments presented, the Court concludes that Petitioner's motion should be denied without an evidentiary hearing.   *See* Rules 8(a) and (b) Governing Section 2255 Proceedings.

## PROCEDURAL HISTORY AND BACKGROUND

On June 27, 2017, a federal grand jury charged Petitioner Keith Jelks with conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i) ("Count One") and possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count Two"). ECF No. 1.   The Government filed a notice of its intent to seek enhanced penalties because Jelks had a prior felony drug conviction.   ECF No. 22.   Jelks, represented by appointed counsel Arthur Johnson, pleaded guilty before the undersigned on October 25, 2017.   ECF Nos. 29-34, 70.

According to the Statement of Facts in support of the guilty plea (ECF No. 30), Jelks was arrested when law enforcement discovered marijuana and heroin in the vehicle he was driving after a traffic stop.   During a subsequent post-*Miranda* interview with Drug Enforcement Agency task force officers, Jelks consented to a search of his home, where law enforcement discovered more heroin.   He admitted having distributed more than 1.3 kilograms of heroin.   Because of his prior felony drug conviction, Jelks faced a mandatory minimum sentence of twenty years' imprisonment on Count One.   ECF No. 22.

Case Nos.: 1:17cr14/MW/GRJ; 1:19cv321/MW/GRJ

Assistant Federal Public Defender Darren Johnson took over representation of Jelks on April 2, 2018, after the court granted Arthur Johnson's motion to withdraw.   ECF Nos. 45, 46.

The Presentence Investigation Report ("PSR") calculated that Jelks' advisory guidelines range would have been 120 to 150 months' imprisonment, but for the application of the statutory mandatory minimum which increased the guidelines range to 240 months.   ECF No. 37.   The district judge sentenced Jelks to 240 months' imprisonment on each count, to run concurrently.   ECF Nos. 58, 59, 68.   It also imposed a ten-year term of supervised release on Count One and six years on Count Two.

Jelks appealed, and counsel filed an *Anders* brief and moved to withdraw.   The Eleventh Circuit granted the motion to withdraw and affirmed Jelks' conviction and sentence after its independent review of the record found no arguable issues of merit.   ECF No. 78.

Jelks timely filed a petition under 28 U.S.C. § 2255, and it is his amended petition that is now before the Court.   He raises two substantive claims of due process violations and a claim that counsel was constitutionally ineffective for failing to raise these two issues.   The Government opposes the motion.

Case Nos.: 1:17cr14/MW/GRJ; 1:19cv321/MW/GRJ

## ANALYSIS

### General Standard of Review

A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

There are limitations on the issues that may be raised in a § 2255 motion.   "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004).   An issue is "'available' on direct appeal when its merits can be reviewed without further factual development."   *Id.* at 1232 n.14 (*quoting Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)).   Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a § 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that

Case Nos.: 1:17cr14/MW/GRJ; 1:19cv321/MW/GRJ

he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

In order to prevail on a claim of ineffective assistance of counsel, a defendant must show (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The burden of persuasion is on a section 2255 petitioner to prove, by a preponderance of the competent evidence, both that counsel's performance was unreasonable, and that [ ]he was prejudiced by that performance." *Demar v. United States*, 228 F. App'x 940, 950 (11th Cir. 2007) (quotation marks, brackets, and citations

omitted).[1]   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a petitioner fails to carry his burden on either of the two prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

   *Strickland*'s two-part test also applies to guilty pleas.   *Carmichael v. United States,* 966 F. 3d 1250, 1258 (11th Cir. 2020); *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).   If a petitioner claims counsel's advice improvidently led him to enter a guilty plea, the petitioner will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on going to trial.   *Lafler*, 566 U.S. at 163 (quoting *Hill*, 474 U.S. at 59).

   In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   *Strickland*, 466 U.S. at 688.   To show counsel's performance was unreasonable, the petitioner

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."   11th Cir. R. 36-2.

must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000).

To establish prejudice, the petitioner must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. It is the petitioner's burden to provide factual support for his contentions regarding counsel's performance. *See Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Dale v. United States*, 809 F. App'x 727, 728 (11th Cir. 2020) (citing *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992)). A petitioner must identify the errors or omissions of which he complains and explain how they affected the outcome of the proceedings. *Boyd*, 697 F. 3d at 1333. Additionally, counsel's failure to preserve or argue a meritless claim is not prejudicial. *See Hollis v. United States,* 958 F. 3d 1120, 1124 (11th Cir. 2020) (counsel not constitutionally ineffective for failing to raise meritless objection to use

of prior drug convictions as predicate offenses under ACCA); *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit).

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See*

Case Nos.: 1:17cr14/MW/GRJ; 1:19cv321/MW/GRJ

*Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

### **Petitioner's Claims**

Jelks first claims that his § 841(a) conviction could not be used to support an enhanced sentence under 21 U.S.C. § 851(a). He appears to claim that 21 U.S.C. § 841(a) violates the Due Process Clause as being unconstitutionally vague because it contains no penalty provision. Rather, the penalty provision is set forth in § 841(b). Jelks notes that drug type and quantity are not elements of the offense that are required to determine guilt or innocence. (ECF No. 86 at 3; *see United States v. Clay*, 376 F. 3d

Case Nos.: 1:17cr14/MW/GRJ; 1:19cv321/MW/GRJ

1296, 1298 (11th Cir. 2004).)   Therefore, he argues, the Court must assume that a violation of 841(a) is not necessarily an offense punishable by one year or more, and thus his offense conduct does not meet the definition of a "federal felony offense."   ECF No. 86 at 5.

In its response, the Government asserts that Jelks asserts a non-jurisdictional defense that was waived by his guilty plea, and alternatively, that Jelks' claim is procedurally barred because it was not raised on appeal.   While both assertions may be true, the claim is also without merit. The Eleventh Circuit has held that this argument "borders on the frivolous." *See United States v. Jackson*, 812 F. App'x 885, 896 (11th Cir. 2020).

In Jelks' second ground for relief he contends that his indictment, guilty plea and conviction violate the Due Process Clause because "knowledge" was not included as an element of § 841(b).   He relies on *Rehaif v. United States,* 139 S. Ct. 2191 (2019).   In *Rehaif*, the Supreme Court clarified that, in prosecuting an individual under § 922(g) and § 924(a)(2)—which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to ten years—the Government must prove that the defendant knew that he violated each of the material elements of § 922(g): that is, he knew both that he fell into one of the categories that

Case Nos.: 1:17cr14/MW/GRJ; 1:19cv321/MW/GRJ

made it unlawful to possess a firearm, and that he possessed the firearm. 139 S. Ct. at 2200.

In addition to any waiver or procedural bar, Jelks' argument again "borders on the frivolous," because *Rehaif*'s holding applies only to convictions under 18 U.S.C. § 922(g). Furthermore, given the facts Jelks admitted under oath were true during the plea colloquy before the undersigned (ECF No. 70 at 16-20), there is no basis for a viable challenge to the element of knowledge of either the nature of the controlled substance, heroin, or Jelks' intent to sell it.

Jelks' third and final claim is that counsel was constitutionally ineffective for failing to raise these claims. As discussed above, counsel is not constitutionally ineffective for failing to raise a meritless claim. *See Hollis,* 958 F. 3d at 1124; *Denson*, 804 F.3d at 1342; *Freeman*, 536 F.3d at 1233. Because the arguments Jelks asserts counsel should have raised were meritless, counsel was not ineffective for failing to raise them.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to show that any of the claims raised in his amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Nor

has he shown that an evidentiary hearing is warranted.    Therefore, Petitioner's motion should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."    A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.    Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.    § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).    Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."    If there is an objection to this recommendation by

Case Nos.: 1:17cr14/MW/GRJ; 1:19cv321/MW/GRJ

either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.      Petitioner Jelks' Amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 83) should be **DENIED**.

2.      A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 16th day of June, 2021.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:17cr14/MW/GRJ; 1:19cv321/MW/GRJ